St. Louis & San Francisco Railroad Company et al. v.
G. C. Miller.

Decided February 17, 1904.

**Carrier—Shipper's Order—Connecting Lines—Misdelivery.**

Pleadings considered and held to show no cause of action against the
initial carrier, where a shipment billed to a consignee subject to shipper's
order was delivered, by the carrier completing the transportation, without
such order or the production of the bill of lading, the pleadings failing to
allege any default by such initial carrier in failing to notify its connections
of the character of bill on which shipment was made.

Appeal from the County Court of Hays.   Tried below before Hon.
Ed. R. Kone.

*S. R. Fisher* and *J. H. Tallichet,* for appellant.

*S. Fisher,* for appellee.

STREETMAN, Associate Justice.—Appellee sued the St. Louis
& San Francisco Railroad Company, the Atchison, Topeka & Santa Fe
Railway Company and the International & Great Northern Railroad
Company.   A trial without a jury resulted in a judgment in favor of
the last two roads mentioned, and in favor of plaintiff against the St.
Louis & San Francisco Railroad Company, from which this appeal is
prosecuted.

The petition, after alleging the residence of plaintiff at Ponca, Indian
Territory, and other formal allegations, is as follows:

"Plaintiff alleges that on March 11, 1901, he purchased through W.
L. Martin & Co., at the town of Mounds, in the Indian Territory, U.
S. A., a carload of corn, delivered on board the cars at said town of
Mounds, and which was contained in car No. 12314 of the said St.
Louis & San Francisco Railroad Company, and for which said St.
Louis & San Francisco Railroad Company executed and delivered to
said W. L. Martin & Co. its bill of lading, dated Mounds, I. T., March
11, 1901, for said car of corn, wherein it obligated itself to transport
said car of corn from Mounds, I. T., and deliver the same at San Marcos,
Texas, to R. A. Scott, consignee, subject to shipper's orders.   That said
R. A. Scott had no interest in said car of corn and was only nominal
consignee.

"That said W. L. Martin & Co., immediately on receipt of said bill
of lading, drew a draft on plaintiff, payable at sight at Ponca City,
Okla., for the purchase money of said car of corn, attached said bill of
lading thereto, which was duly presented and paid by plaintiff, and in
consideration of said payment, said bill of lading was delivered to and
became the property of plaintiff.   Whereupon plaintiff sold said car of
corn to one W. C. Dugger at San Marcos, Texas, for the sum of $255,
and said Dugger was to pay freight thereon, in addition to said amount,

and on March 15, 1901, plaintiff drew a draft on said W. C. Dugger for said sum of $255, in favor of the First National Bank of Ponca City, Okla., and attached said bill of lading thereto, and said draft and bill of lading so attached were delivered to said bank, and on said date plaintiff notified said Dugger by mail of the shipment of said corn, and the drawing of said draft for same, on track, and on said date said First National Bank of Ponca City, Okla., forwarded said draft with said bill of lading attached to the First National Bank of San Marcos, Texas, for collection, the said bill of lading to be delivered to said Dugger on payment of said draft, and the same was received in due course of mail by said last named bank, and presentment thereof made by it for payment to said Dugger, before said corn was delivered to him, as hereinafter stated, and he declined to pay same.

"2.   That said St. Louis & San Francisco Railroad Company did transport said car of corn over its line of road from Mounds, I. T., to its connection with the Atchison, Topeka & Santa Fe Railroad, and deliver it to said road, and claims that it did so in accordance with its contract of shipment, subject to shipper's orders.   That said Atchison, Topeka & Santa Fe Railroad received said car of corn from said St. Louis & San Francisco Railroad, and did transport the same over its line of road to its connection with the International & Great Northern Railroad, or over some intermediate road unknown to plaintiff, connecting with it and said International & Great Northern Railroad, and same was delivered to said International & Great Northern road at some point unknown to plaintiff, and was transported over its road to San Marcos, Hays County, Texas.

"3.   He alleges that said International & Great Northern Railroad Company, at and before the delivery of said car of corn to the said W. C. Dugger, as hereinafter shown, had full knowledge that said car of corn was shipped subject to "shipper's orders," and that the bill of lading given by the initial carrier therefor contained said provision; but wholly disregarding said restriction and without requiring said Dugger to present said bill of lading to it or without authority from the First National Bank of San Marcos, the then holder of said bill of lading, and without authority from plaintiff, on or about March 20, 1901, delivered said car of corn to said Dugger, upon his paying the freight thereon.

"4.   That after the said car of corn was so delivered by said International & Great Northern Railroad Company to said Dugger, said Dugger refused to pay said draft, and it has never been paid, and said draft and said bill of lading were returned through said bank to plaintiff, and he is now the legal and equitable owner and holder of each of them, and has never been paid for said car or any part thereof.

"5.   By reason of the facts above set out, said St. Louis & San Francisco Railroad Company, and said Atchison, Topeka & Santa Fe Railway Company, and said International & Great Northern Railroad Company, and each of them jointly and separately, became liable and bound

to pay to plaintiff the amount of money in said draft specified, to wit, $255, with legal interest thereon from the date of delivery of said corn to W. C. Dugger March 20, 1901.

"6.  He alleges that as soon as said draft and bill of lading were returned to him, about March 30, 1901, he made immediate demand on said St. Louis & San Francisco Railroad Company, and through it on said Atchison, Topeka & Santa Fe Railroad Company, and said International & Great Northern Railway Company, for the payment of said sum of money to him, and has made frequent and repeated demands therefor, up to the institution of this suit, but has only met with promises to investigate the matter; and has been informed that said Atchison, Topeka & Santa Fe Railway Company claims that it did not receive said car of corn subject to shipper's orders from said St. Louis & San Francisco Railroad Company, and that the International & Great Northern Railroad Company claims that it did not receive said car of corn subject to shipper's orders, and plaintiff is unable to say which may be correct. But plaintiff does say that he has never been paid for said car of corn, nor has he been paid said draft, or any part of either from anyone."

To this petition appellant interposed a general demurrer, which we believe should have been sustained.  We look in vain in this petition for any allegation showing a breach of duty by appellant.  It developed in the evidence that while under the bill of lading this car of corn was consigned to shipper's order, appellant, in transferring the shipment to its connecting carrier, omitted this provision from its bill, and caused the shipment to be regarded as an open shipment to R. A. Scott, instead of a consignment to the shipper's order, with a request to notify said Scott, and the court found that this failure was the proximate cause of the delivery to W. C. Dugger without payment of appellee's draft.  A cause of action may probably be predicated upon the failure of appellant to inform its connecting lines of the character of shipment in question. Missouri, K. & T. Ry. Co. v. Dilworth, 65 S. W. Rep., 502.  But, in order to recover, it is certainly necessary to allege some breach of duty on the part of this road, and to show by appropriate averments that the same caused the injury complained of.  It is also necessary to allege a proper measure of damages, which, under some circumstances, might be the amount of the draft.  Gulf C. & S. F. Ry. Co. v. North Texas Grain Co., 74 S. W. Rep., 567.

It is unnecessary to decide whether a cause of action was alleged against the International & Great Northern Railway Company.  It is clear that the petition did not state a cause of action against the appellant.

We are unable to tell what phase the case may assume upon another trial, and, for that reason, it is unnecessary to pass upon the other questions raised by appellant.

No complaint is made of the judgment in favor of the Atchison, Topeka & Santa Fe Railway Company and the International & Great

Northern Railroad Company, and the judgment in favor of these defendants will, therefore, be affirmed. Because of the error indicated, the judgment against the St. Louis & San Francisco Railway Company is reversed, and as to said defendant the cause is remanded.

*Affirmed in part; reversed and remanded in part.*